*Law Library*

## IN THE SUPERIOR COURT OF GUAM

LUCIA M. KLOULUBAK, in her capacity as )
Administratix of the ESTATE OF HARVEY )
KLOULUBAK, )
         )
                 Plaintiff, )
         )
      vs. )
         )
BETSY MILLER, )
         )
               Defendant. )
         )

**CIVIL CASE NO. CV0957-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Lucia M. Kloulubak's motion for summary judgment, filed September 27, 2013. Pleadings on this matter closed on November 8, 2013. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Betsy Miller and Harvey Kloulubak (hereinafter "Harvey") began living together in 1988. On April 6, 1989, Harvey sold the real property they lived on, described as Lot No. 2152-2 in Dededo, Guam. Harvey then purchased and received title of property, described as Lot No. 2265-REM-6-10 Barrigada, Guam, Guam Estate No. 18665 and the property in question, (hereinafter "Lot No. 226-REM-6-10") by virtue of warranty deed from David Nigel Peacock. This transaction was recorded at the Department of Land Management on June 29, 1990. Defendant alleges that they purchased the house together, but the house was purchased in Harvey's name only because Defendant was married to another person at that time. Defendant, Harvey, and Defendant's children lived together on the property.

On February 24, 2003, Harvey and Defendant signed a promissory note, titled the "Loan Authorization and Agreement" (hereinafter "Loan Agreement"), with the Small Business Association for the principal sum of $200,200.00. Harvey executed a mortgage on the Lot No.

2265-REM-6-10 in order to secure payment on the promissory note. The language of the mortgage states that it was entered into between Harvey and the Small Business Administration, and that Harvey was the sole signatory to the document.

On October 27, 2011, Harvey died intestate and a petition for probate was filed with the Superior Court of Guam under Probate Case No. 0014-12. On March 15, 2012, Harvey's daughter, Plaintiff, was formally appointed as administrator of the estate. According to Plaintiff, the most valuable and only real significant asset of the estate is the house and land owned by Harvey, in which Defendant continues to reside. Defendant currently makes mortgage payments to the Small Business Administration.

On August 17, 2012, Plaintiff filed a complaint against the Defendant with the following causes of actions against Defendant: (1) trespass, (2) claim for quiet title, and (3) injunctive relief. (Complaint, 3-5, Aug. 17, 2012).

On September 5, 2012, Defendant filed an Answer and Counterclaim against Plaintiff for (1) constructive trust on the house and property, and (2) quantum meruit relief for the reasonable value of the expenses and services Defendant rendered to Harvey minus the value of the support she received from Harvey. (Answer and Counterclaim, 5-6, September 5, 2012).

On September 27, 2013, Plaintiff filed a motion for summary judgment relating to the original complaint and the counterclaim, arguing that: (1) Defendant asserts no disputed facts that can form a valid basis for a claim of interest in the estate property as a matter of law; and (2) Defendant's defenses and counterclaims for constructive trust and quantum meruit fail because there are no disputed facts that support a finding of inequitable benefit or unjust enrichment by the decedent or his estate. (Mot. Summ. J., 6-10, Sept. 27, 2013). On October 25, 2013, Defendant filed an opposition to Plaintiff's motion for summary judgment, asserting that the Loan Agreement evidences Defendant's joint ownership in the property and that Defendant is entitled to summary judgment or a trial. (Opp., 2-3, Oct. 25, 2013).

///

///

///

## DISCUSSION

### I. Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

### II. Claim for Quiet Title

Title 21 Section 25101 of the Guam Codes governs actions to quiet title to real property. In pertinent part, it provides: "An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of

determining such adverse claim." 21 GCA § 25101 (2005). Title 21 Guam Code Annotated Section 29135 further states:

> The registered owner of any estate or interest in land obtaining a registered decree under this Law shall, except in case of fraud to which he is a party, or fraud of the person through whom he claims without valuable consideration paid in good faith, hold the same subject only to such estates, mortgages, liens, charges, and interests as may be noted in the last certificate of the title in the registrar's office and free from all others except:
> (a) Any subsisting lease or agreement for a lease for a period not exceed one (1) year, where there is actual occupation of the land under lease. The term *lease* shall include a verbal letting.
> (b) All land embraced in the description contained in the certificate which has theretofore been legally dedicated as or declared by competent court to be a public highway.
> (c) Any subsisting right of way or other easement, created within one (1) year before issue of the certificate, upon, over, or in respect of the land.
> (d) Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title.
> (e) Such right of action or claim as is allowed by this Law.
> (f) Liens, claims, or rights arising under the laws of the United States, which the law of Guam cannot require to appear of record upon the register.

21 GCA § 29135 (2005).

Furthermore, the "register of any land, and duly certified copies thereof, shall, except as herein otherwise provided, be received in law and in equity as evidence of the facts therein stated, and as conclusive evidence that the person named therein as owner is entitled to the land for the estate or interest therein specified." 21 GCA § 29143 (2005).

In this case, Plaintiff asserts that Plaintiff, on behalf of Harvey's estate, is entitled to a judgment quieting title and establishing the estate's title to the property. (Complaint, 4, Aug. 17, 2012). Plaintiff submits a validly executed warranty deed in 1990 declaring Harvey, and only Harvey, as the owner of Lot No. 226-REM-6-10. (Mot. Summ. J., Exhibit 9, Sept. 27, 2013).

In opposition, Defendant puts forth that the Loan Agreement is written evidence of an agreement recognizing that the house belonged to both Harvey and Defendant. (Opp., 2-3, Oct. 25, 2013); (Opp., Exhibit A, Oct. 25, 2013). The Court does not agree. The Loan Agreement is a document that evidences that Harvey and Defendant sought a promissory note with the Small

Business Administration for the principal sum of $200,200.00. A mortgage was executed on Lot No. 226-REM-6-10 to secure payment on the promissory note. The document is evidence that Harvey and Defendant entered into a loan where the proceeds were to be used solely to rehabilitate property located at 239 C. Canada Toto Loop, Barrigada, Guam 96913. (Opp., Exhibit A, Oct. 25, 2013). This in no way constitutes evidence that the property belongs to both Harvey and Defendant. However, this may be construed as evidence that Defendant engaged in conduct that improved the value of the property in question, as Lot No. 2265-REM-6-10 appears to be the property located at 239 C. Canada Toto Loop, Barrigada, Guam 96913. (Mot. Summ. J., Exhibit 9, Sept. 27, 2013).

Applying the above facts to the applicable legal standard, the Court finds that Plaintiff is entitled to a judgment quieting her title, as administrator of Harvey's estate. Plaintiff's warranty deed is conclusive evidence that the property belonged solely to Harvey, and now to his estate. See 21 GCA § 29143 (2005). The Loan Agreement fails to confer title of the lot to Defendant.

## III. Trespass

Plaintiff asserts that Defendant committed trespass when she continued to remain on the premises with members of her family and assumed management and control of the land, depriving Plaintiff of her rights to the land. (Complaint, 3, Aug. 17, 2012). Defendant argues that Defendant and Harvey entered into an implied agreement giving her a right, title, and real interest in the property and the house. (Answer and Counterclaim, 6, Sept. 5, 2012). There is no genuine issue regarding the material facts of Defendant's occupation of Lot No. 2265-REM-6-10 and Plaintiff's communications with Defendant to seek possession of the property. For this reason, summary judgment may be granted if Plaintiff is entitled to judgment as a matter of law.

Under Guam law, "[a] party claiming trespass must prove the following elements: a) the tortfeasor intentionally; b) enters land in possession of another, or causes a thing or a third person to do so; or c) remains on the land; or d) fails to remove from the land a thing which he is under a duty to remove." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16 (*citing* RESTATEMENT (SECOND) OF TORTS § 158 (1988)). Once a party shows that there has been

trespass, the injured party is entitled to nominal damages based upon the trespass. RESTATEMENT (SECOND) OF TORTS § 163 (1988)). If a party seeks compensatory damages, the party must show that trespass was the proximate cause of the damages sought. *Hammond v. Cnty. of Madera*, 859 F.2d 797, 804-05 (9th Cir. 1988) (*abrogated by L.W. v. Grubbs*, 92 F.3d 894, 897-98 (9th Cir. 1996) on other grounds).

In this case, Defendant remained on Lot No. 2265-REM-6-10 after Plaintiff served her with a Notice to Quit demanding Defendant deliver possession of the property to Plaintiff within 30 days. (Mot. Summ. J., Exhibit 9, Sept. 27, 2013). Having determined above that Plaintiff is entitled to judgment quieting her title to Lot No. 2265-REM-6-10, it is undisputed that Defendant is residing on the property of another with the intent to remain on the property. Therefore, the elements of trespass are satisfied.

For these reasons, partial summary judgment is granted in favor of Plaintiff for her claim of trespass. Plaintiff must still show that any damages sought by Plaintiff were the proximate cause of Defendant's trespass. The briefs of the parties fail to adequately address this issue. Absent such information, the Court cannot grant summary judgment as to damages.

## IV. Preliminary Injunction

Plaintiff seeks a temporary injunction restricting Defendant and her agents, servants, employees, guests, invitees, and others acting under her direction and authority during the pendency of this action and thereafter permanently from entering Lot No. 2265-REM-6-10 (Complaint, 6, Aug. 17, 2012).

Under Guam law, "[a] preliminary injunction requires a showing of (1) irreparable injury, and (2) the likelihood of succeeding on the merits." *Sananap v. Cyfred, Ltd.*, 2009 Guam 13 ¶ 14 (*citing Hong Kong and Shanghai Banking Corp., Ltd. v. Kallingal*, 2005 Guam 13 ¶ 18). To succeed in justifying a preliminary injunction, the party seeking the preliminary injunction must show both prongs. *Id.* at 38.

In this case, Plaintiff argues that Defendant's trespassory conduct will result in irreparable harm because it will deprive Plaintiff access to the land and it will result in a claim for adverse possession in favor of Defendant. (Complaint, 5, Aug. 17, 2012). The Court is not

convinced. The loss of property has generally been considered to be irreparable harm warranting a preliminary injunction, but such is not the case here. *Hong Kong*, 2005 Guam 13 ¶ 18. Having found above that Lot No. 2265-REM-6-10 belongs to Plaintiff as the administrator of the estate, Plaintiff is in no danger of losing the property. Furthermore, a party claiming adverse possession must prove that possession was hostile and that the possession was continuous and uninterrupted for the requisite statutory period. *In re Application of Guerrero*, 2005 Guam 1 ¶ 35. The requisite statutory period is 10 years in Guam. *Guerrero*, 2005 Guam 1 ¶ 32. Assuming the possession became hostile upon Harvey's death, there is no immediate danger that the land will be lost by adverse possession to warrant a preliminary injunction.

To show that a party will suffer irreparable harm, the party must demonstrate that it has no adequate remedy at law and that it will suffer more than mere monetary harm or financial hardship if denied relief. *Elias v. Connett*, 908 F.2d 521, 526-27 (9th Cir. 1990). In this case, Plaintiff failed to plead in particularity the type of harm that will be suffered by Defendant's trespassory conduct and how Plaintiff will suffer more than mere monetary harm. In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows a court to apply the recognized rules of law. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'" *Id.* (citation omitted).

For these reasons, summary judgment cannot be granted on the claim for a preliminary injunction.

## V. Defendant's Defenses and Counterclaims

Plaintiff further posits that Defendant's defenses and counterclaims for constructive trust and quantum meruit fail because there are no disputed facts that support a finding of inequitable benefit or unjust enrichment by the decedent or his estate. (Mot. Summ. J., 6-10, Sept. 27, 2013).

///

### a. Constructive Trust

Defendant argues that she is entitled to constructive trust on Lot No. 2265-REM-6-10 and the house located on the lot because she assisted Harry in the acquisition of the lot and the house. (Answer and Counterclaim, 5, Sept. 5, 2012).

A constructive trust is a restitutionary remedy. *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 33. "[A] constructive trust is often imposed ... in cases of fraud, duress, undue influence or mistake, the wrongful disposition of another's property, or where there is a breach of a fiduciary duty." *In re Moylan*, 2011 Guam 16 ¶ 19 (internal quotations and citations omitted). The United States Supreme Court has explained the role of constructive trusts as follows:

> "Whenever the legal title to property is obtained through means or under circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never, perhaps, have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust."

*Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250-51, 120 S.Ct. 2180, 2189 (2000) (internal quotations and citations omitted).

The Supreme Court of Guam similarly found that "[w]here a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." *Maquera*, 2001 Guam 20 ¶ 30 (*quoting* RESTATEMENT (FIRST) OF RESTITUTION § 160 (1936)).

In this case, Plaintiff is truly and equitably entitled to Lot No. 2265-REM-6-10 and the house located on the lot as the administrator of Harvey's estate because Harvey's name is on the warranty deed of the lot. There is no genuine issue of material fact as to Harvey's ownership of Lot No. 2265-REM-6-10 and the house located on the lot, which would render it unconscientious for Harvey's estate to retain legal title to the property. *Harris Trust*, 530 U.S. at 238. Harvey, or his estate, did not obtain title to the lot fraudulently, warranting an equitable

remedy to convey the property to Defendant. *Id.* For these reasons, summary judgment is granted in favor of Plaintiff against Defendant's claim for the imposition of a constructive trust.

### b. Quantum Meruit

Defendant argues that she is entitled to "recover under quantum meruit for the reasonable value of the expense and service she rendered to Harvey Kloulubak minus the value of any support she received from Harvey Kloulubak." (Answer and Counterclaim, 5, Sept. 5, 2012).

In *Tanaguchi-Roth and Associates v. MDI Guam Corp.*, the Supreme Court of Guam discussed quantum meruit as a theory of recovery in great length. *Tanaguchi-Roth and Associates v. MDI Guam Corp.*, 2005 Guam 7. "Contracts implied in law, or as they are more commonly called 'quasi contracts,' are obligations imposed by law on grounds of justice and equity. Their purpose is to prevent unjust enrichment. Unlike express contracts or contracts implied in fact, quasi contracts do not rest upon the assent of the contracting parties." *Id.* at ¶ 26. By alleging that she is entitled to the reasonable value of the expense and service she rendered to Harvey after the deduction of any support she received from Harvey, or the unjust enrichment to Harvey and his estate, Defendant seeks to recover under a quasi-contract theory.

Where a quasi-contract claims seeks recovery for services rendered, the Supreme Court of Guam articulated as follows:

> The essence of quantum meruit liability is the receipt of a benefit by one party which would be inequitable for that party to retain. The elements of quantum meruit liability distilled from this essence are the performance of services by the plaintiff, the receipt of the benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff.

*Tanaguchi-Roth*, 2005 Guam 7 ¶ 27 (citations omitted).

In this case, there is a genuine issue regarding the material facts of the performance of services rendered by Defendant. Plaintiff argues that even if Defendant can substantiate her allegations that Defendant made payments toward household expenses as she alleges, there is no indication that her actions were not significantly reciprocated. Further, Plaintiff argues that Harvey, and now the estate, was not unjustly enriched when Defendant was afforded a place to

live. However, Defendant alleges that she funded the living expenses for Harvey and that she worked two jobs to ensure her and Harvey's combined income would be sufficient to qualify them for a loan to purchase a house in 1990. Furthermore, Harvey and Defendant entered into a loan where the proceeds were to be used solely to rehabilitate the property on Lot No. 2265-REM-6-10 and Defendant continues to pay off the mortgage. Viewing the evidence and drawing inferences in the light most favorable to Defendant as the non-movant, there is a genuine issue as to the services performed by Defendant for Harvey and the amount thereof, if any. For this reason, summary judgment cannot be granted on Defendant's claim of quantum meruit.

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff Lucia M. Kloulubak's motion for summary judgment is GRANTED in part and DENIED in part. Summary judgment on Plaintiff's claim for quiet title and Defendant's counterclaim for constructive trust is GRANTED in favor of Plaintiff. Partial summary judgment on Plaintiff's claim for trespass is GRANTED in favor of Plaintiff. Summary judgment on Plaintiff's claim for injunctive relief and Defendant's counterclaim for quantum meruit relief is DENIED.

A pretrial conference still remains scheduled to occur on January 29, 2014 at 9:00 a.m.

SO ORDERED this JAN 2 4 2014 day of January, 2014.

Original Signed By:
**Hon. James L. Canto II**

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JAN 2 2014

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam